Our second case today is Phillips v. Abex, Ms. Wallace, wait till everybody gets settled there, I didn't mean to rush you, but when you're ready. Here we are, thank you very much. Good morning, your honors. My name is Mona Lisa Wallace, and I'm here with John Hughes, my colleague, and we represent Eric and Tina Phillips. And may it please the court, we're here asking this court for a new trial to reverse and remand for a new trial for three reasons. The first reason, your honor, is that the verdict in this case was insistent, inconsistent, irreconcilable, and it cannot be harmonized. We asked the lower court judge for a new trial, and we believe he committed error when he did not enact. Secondly, there were... And you characterized it as a claim of plain error in your motion for a new trial, right? Well, your honor... And you stand by that? Well, your honor, we believe there is plain error, but we do not believe that the court has to reach plain error, because we believe the verdict... No, but in your motion for a new trial, you characterized it as a claim of plain error. Your honor, we also said in that motion that we thought it was an inconsistent verdict as well and irreconcilable. And if it's an inconsistent verdict and it's irreconcilable, even that the defendant admits, your honor, that unless we invited that error, that it needs to be remanded in a new trial given. And your honor, we didn't invite the error, and it's an inconsistent verdict and irreconcilable. You did or didn't invite the error? We did not invite the error, your honor, and I am so happy to be here because I was the attorney at the trial. Your honor, what happened was, from the beginning, the defendant, Abex, who manufactured and sold the asbestos brake linings, that the jury found was the proximate cause of our client's deadly cancer. They manufactured it. The issue was, did Abex fail to warn, was that failure to warn the proximate cause of Eric Phillips' cancer? And the jury found yes. From the beginning, Abex, in its answer, said that the intervening negligence was an affirmative defense. We filed a motion... Did you object to the wording of the charge or the verdict form? Your honor, we objected to the wording of the jury instructions, especially after they brought the issue up of employer responsibility. After the case was finished being tried, at 557... As to the proximate cause and intervening cause, as to the charge the judge gave on those, the specific charge, did you object to that? No, sir, not the wording, per se, that it should be a separate issue, but we did object. So you didn't. I think I understand your argument. Did you object to the wording on the verdict form that was submitted to the jury? The wording on the verdict form. Specifically, no, but if I may explain that. Well, if you didn't object to those three items, those two instructions, if we characterize a separate intervening cause and proximate cause, and the verdict form, and or the verdict form, if you didn't object, why haven't you forfeited your right to come up here and say they were there? Your honor, first, under Fourth Circuit law, we decided to land the error in Murray. Fourth Circuit law follows the general rule that it's not necessary to object if you have an inconsistent verdict, but we objected... Your Honor, I think Judge Schiff's questions are related to the instructions and the verdict form. Your Honor, we objected to... You have to give the judge a shot at fixing it. You can't just let him make an error and then mousetrap him. That's the theory of lawyers doing it up front. He had a charge conference and went through these things. Your Honor, yes, sir, so let me... Get everybody to say so. And he characterized it in his post-trial order as invited error. Your Honor, it was not invited error. I know you say it's not invited error, but the judge said it's... I know, and your Honor... He said it's invited error, and he was there. Now, I'm getting ahead of myself. Y'all need to be thinking about if he says it's invited error, do we assess that characterization? De novo, or do we give him some deference? Your Honor... He was right there in the middle of it all. Anyway, you go ahead with your argument. Okay. Your Honor, and let me just... Because I think I need to tell the court what happened. Your Honor, it was the defendant's... Neither party, neither the plaintiff nor the defendant, none of us, made in the jury verdict form. None of us made it a separate issue. We didn't make it a separate issue. The defendant didn't make it a separate issue. Then how can you come up here and complain about it? Your Honor, what... If you didn't, if you... What happened was, Your Honor, that... In effect, let the judge go ahead and do it, and then you say it's plain error in the motion for a new trial. Your Honor, the defendant says we invited the error. We didn't invite the error. No, but the judge said... You said it was plain error in your motion for a new trial. Plain error, and that's normally a... That's a concept that we have talked about sometimes in civil proceedings, but it's really a criminal law. Your Honor... Process, and it's a tough hurdle. Your Honor, the plain error was in the verdict form. It was plain error in the verdict form because under North Carolina law... But you agreed to the verdict form. Your Honor, we never agreed to the verdict form. We didn't formally use the word... I thought you just said that you didn't object to the verdict form. Your Honor, the defendant proposed the verdict form that had two issues. The defendant said to the court it is an affirmative defense, and therefore we, the defendant, have the burden of proof. Your Honor, we very carefully said to the court we have concerns about that. That was on August the 21st. So you're saying you objected or didn't object? We showed that we had concerns, but at that point... No, but did you object to the... Not to the exact wording. You not only have to object, you have to be specific enough to give a judge a chance to fix it. We have concerns. What are the concerns? What does the court have to do to fix it? That's what I think. That's what the precedent is. You can't just mousetrap the judge. Your Honor, it wasn't like that. May I explain what really happened, please? Go ahead. Make your case. At the pretrial hearing, Your Honor, the defendant told the court that it should be a separate issue because that in North Carolina, intervening calls is an affirmative defense. That was on August the 21st. We had concerns about that and we told the court about that. Both our jury instructions and our verdict form did not have it as a separate affirmative defense. Even the defendant's verdict form only had the one issue on proximate calls. What happened was after the nine-day trial, after the jury had been sent out the morning before the closing argument, at the last minute for the first time, the first time, the judge handed us a verdict form that had proximate calls, one issue, and intervening calls, a second issue, which were mutually inconsistent. But if you knew to that point, didn't you have to object? We objected for over four pages, Your Honor, because in addition to at that point. You objected? Yes, sir. We objected to the instructions, which was part of that verdict form, and Your Honor. Well, I just thought you told me you did not object to the instructions or to the verdict form. Well, Your Honor, I was trying to answer it, and I didn't want to be disrespectful, but I asked you to explain that. Well, you're not being disrespectful if you give me a truthful answer. No, no, stop. Answer this again. Yes, sir. When he gave his instruction on what he thought the burden of proof was, did you object to that when he gave that charge to the jury? When he gave his instruction on the burden of proof, he said improperly to the jury. It is two separate issues. He said improperly to the jury. You could have both being approximate calls and not approximate calls. The jury was submitted the first issue. Was ABEX's conduct approximate? I don't know. That doesn't answer my question. The second issue was a- This is how it goes. For what it's worth, I tried cases for 12 years. You tell people, you tell the lawyers. At a charge conference, you talk about what you're going to charge, but then you charge it, and you give the lawyers a chance to object to what you charge so that you have a chance to correct. And you also show the verdict form and ask if there's any objection. When you had after the charge, did you, or before the charge, did you object to the language on these two points? On the specific language of that it should be separate issues, no. However, at exactly 557, this is what happened. The court, for the first time, handed us the verdict form the evening before the closing argument. At 557, right when the judge for the first time let us see that it was going to be two issues, before then we had discussed it. We had raised concerns. We had throughout the trial, every opportunity- What did you do when you got the form? Your Honor. And you objected to it as soon as you saw it, in your own mind, I mean. It bothered you. No, sir. To be quite honest with you, when we saw it was the two issues, we didn't see that until like 555, the morning before the case went to the jury. We had previously, every time we could in the record, it shows that we said there's inadequate evidence. We filed a motion- I know that, but you haven't answered it. To strike it as permissible. Just wait for a second. Whatever time he showed you, you know timing is a little bit odd in trials and people wish to get through and sometimes they don't. I'm just asking this factual question. Once you saw the verdict form, did you object in any way to the judge until after the verdict was handed back from the jury? Yes, sir. Because with that verdict form, here's what the court did. The judge- You got a reference, a JA reference where you objected? Yes, sir. If you see page 460, Your Honor, we start objecting and we object all the way through to page 466, Your Honor. And what was happening, and this is what I'm trying to tell the court, is the judge handed us the verdict form we saw the first time that had the different issues, made it two separate issues. Your Honor, after that, within minutes, the defendant for the first time handed new jury instructions and that was what was so unbelievably deadly to our case. Out of the blue, the jury instructions were due August the 20th. August the 20th, neither the verdict forms nor the jury instructions had it two separate issues. Neither the verdict forms or the jury instructions included employer responsibility. But did they have it as separate issues before it went to the jury? And did you see it? No, sir, I didn't. I saw it, yes, sir, at 6 o'clock p.m. I'm going to ask you when you saw it. Did you see it before it went to the jury? Yes, sir, I did. Did you have the opportunity to review it and object? Yes, sir, I did. Did you object after that review? Your Honor, I say we didn't, and this is what I'm trying to explain, because as soon as- But it's either a yes or a no, and then you can't- We didn't say it should not be two issues. We didn't say that because the defendant, Your Honor, convinced the court and told us repeatedly, and on August the 21st, the defendant said it needs to be issues. The court said, I'm going with Mr. Radcliffe. That was the court's exact words. I'm going with Mr. Radcliffe's suggestion it's going to be two issues. We said we think that concerns you, Your Honor, about concurring negligence. But the court never finished it up, never gave us a written jury form until the very last night, and this is what I'm trying to tell you, Your Honor, respectfully. It was so bad I was there. He didn't just hand us the verdict form. Then 15 minutes later, the defendant walked up and filed new employer instructions. The employer was not a party. Champion was not party to the case. And then you stood up and said, Your Honor, I object to what's just happened. Yes, sir, it was horrible. We objected so much for four pages. Wait, wait, wait, wait, wait. You have to wait until I finish the question. Yes, sir, I'm sorry. I know you have a lot to say. Yes, sir. And you're passionate, and I appreciate that. Yes. But you objected and said, Your Honor, it's improper that they hand these in too late, and the substance of what they have shown you is improper. We do not want that charge. Yes or no? We objected to the employer instruction, which the court made exactly a part of that charge. The court made an improper issue. Intervening negligence is not an affirmative defense. It should not have been a separate issue. Then the court let the defendant at 557, when the court for the first time showed us that verdict form, add on top and as part of that issue number three, intervening negligence being an affirmative defense, the court let them put in this language. We've asked you a lot of stuff and taken you off your argument, I guess you want to make. Is your primary argument that this is an inconsistent verdict or that you properly objected to what was charged in the verdict form and you were ignored? Which of the two is it? Your Honor, this case should be remanded. Which is it, though? It is that it's an improper and inconsistent verdict. It is irreconcilable. It can't be harmonized. We moved for a new trial, Your Honor. Wasn't it reconcilable in the light of the charge, the way the judge gave the charge, that, ladies and gentlemen of the jury, you have to decide if they're a proximate cause, but if it's something that interrupted that, that's an intervening cause that removes liability? Why isn't that, in terms of what happened, why isn't that reconcilable? Maybe not the best way to get there, maybe not the precise way to get there, but why isn't that reconcilable in light of the charge that he gave putting the burden on the defendant? Why isn't that reconcilable? Your Honor, what the defendant did wrong is the defendant cited to the wrong pattern jury instruction. The pattern jury instruction in North Carolina that's proper is 102-65. It says, big bold letters. You can't have it a separate issue. All you have to do is stand up and go, Your Honor, they've given you the wrong law. Did you do that? Your Honor, we thought it was the right law because we truly trusted them. The court believed them, but as it turns out, it was contrary to the pattern jury instruction. We didn't see it because they cited to the wrong pattern jury instruction. You're saying it's a mutual mistake of law? Everybody in the courtroom was wrong? Your Honor, the defendant is the one who represented it was an affirmative defense, that it had to be a separate issue. We never said it was an affirmative defense. We never said it had to be a separate issue. We didn't make it a separate issue, and, Your Honor, we, throughout the trial, told the court intervening negligence shouldn't be a part at all. And then at the last minute, what happened? He put the employer instruction in violation of the scheduling order. And, literally, the court allowed the judge, as part of its instruction, after all the evidence was in the record, to let the defendant argue to the jury that it was the employer's burden to have provided a safe workplace. And, more importantly, the judge put that improper, last-minute, inappropriate employer responsibility when they were not a party as part of the separate issue of intervening negligence. So that is why we have an irreconcilable verdict. The standard would be abuse of discretion. There is absolutely no way to harmonize this verdict unless you reverse the pattern jury instructions in North Carolina and hundreds of years of common law and all the law we cite. And the Fourth Circuit is clear that we didn't have to have objected once the verdict came in to send the jury back because it would have done no good at that point in time. We had improper jury instructions, improper issues, and improper employer instruction that we objected to and reserved our objection to. So there has never been a case that plain error should apply more to than this case. Although, under the abuse of discretion, the irreconcilable verdict, we don't even have to get to plain error. So you're claiming again that we're reviewing this for plain error? Your Honor, you're reverting it on the inconsistent. You just now said plain error. Plain error is not necessary on reversing it on inconsistent irreconcilable verdict. If it can't be harmonized, the Fourth Circuit has repeatedly. If you can't harmonize that verdict, Your Honor, we don't have to show plain error. It just can't be harmonized. And the Lanier case told you that, sir, as have a number of other cases. All right. Thank you, Your Honor. Thank you for your patience. Thank you. You've saved some time. Mr. Simpson. May it please the Court, Reagan Simpson for ABEX. On August 21, in one of the three charge conferences prior to the trial, the submission to the jury on September 10, the judge specifically addressed the issue of the separate issues. And he said at pages 266 to 267 of the joint appendix that he was going to give a separate question. Both sides at different times said that it was a separate question to be submitted to the jury. You can find that at page 264. That's where ABEX said it. And page 405, that's where the plaintiff said it. I thought the plaintiff's principle argument was that there was no intervening cause as a matter of law. There wasn't enough evidence in the record. The only objection they made, at 268 and 269 and at 405 of the record, was there's not enough evidence of intervening cause. And at page 402 to 403, the judge disabused them of that motion, saying didn't you listen to all the evidence today where Mr. Spencer was on cross-examination and talked about champion falsifying records about whether there was asbestos exposure. So if that's the only objection, then at best it's a plain error standard? We think it's invited error and plain error, but it's really not even error. And let me explain, because this verdict is not irreconcilable. Go back to August 21. So you're saying there's no error? We're saying there's no error and that there's no irreconcilable or inconsistent jury verdict. How can there be both a proximate cause of an injury and an intervening cause? I'll explain. Because on August 21, the judge Let me interrupt one thing, if you'll let me, Judge Diaz, to get an answer to the other. You ask if it's plain error. By that we mean is it plain error review? And part of that becomes is there error? Do you think the review is for plain error? It's invited error. Okay. In addition, there's no plain error because you don't meet the test of a learner. for the question of the proximate cause and, you know, the verdict form and the way that was charged. Are we reviewing that for plain error or are we reviewing that for reserved error, harmless error? What is it? What you see in the record is that both sides agreed and represented to the court. Answer my question. Are we reviewing this for plain error review or not? That's the standard.  That's a different concept than plain error. What I'm saying is that both sides said to the judge that it's a defense. And so that's the way he charged it and that's invited error. That's correct. That's correct. It's a defense. That's correct. If you look at 405, page 405, where they discussed this and 264 where ABEX discussed it, both sides said it's a defense. There was no objection to it being a defense by the other side. They talked about concurring cause, but they never said that you cannot have a separate question. And on August 21, the judge read to them his proposed separate question, and there was no objection to it at all. So that's invited error. You can also look at it as plain error because it doesn't meet the standards of plain error either. But you said earlier, I think, in response to Judge Neal's question, you said there's no error. I thought Judge Rattinger even said it was error. No. No. What he said was that if there was error, it was plain error. And let me explain why the – I thought he said it was invited error. He talked about the plain error didn't really apply to civil cases. I'm sure he said invited error as well. But he said it was invited error and it was really to the benefit of the plaintiff because he put the burden of proof on the defendant. That's correct. He said if there was error, it was invited error. Let me explain why the jury verdict – because Judge Rattinger was very careful. He talked about it, page 266 to 267, how separating the issues can cause some problems. Let me say this. I interrupted Judge Diaz's question to ask the standard of review. I'm not sure I got the answer for that, but you asked him some questions. That's what I'm turning to at this point is why there's no inconsistency in the verdict because he was very careful the way he described causation in this charge to make sure that there was not a conflict. And if you look at his charge at 488, he defines proximate cause – I'm sorry, 488 of the joint appendix. He defines proximate cause as a cause which a reasonable and prudent person could have foreseen would probably produce such injury. Notice that missing from his definition of proximate cause on 488 is but for a cause. He doesn't give a but for a cause instruction on proximate cause, but he reserves that for intervening cause. And if you look at page 493 of the record, what he says is here at 493, such negligence on the part of defendants would not have resulted in Eric Ross Phillips's injury except for the negligence of another. And if the negligence and resulting injury on the part of another was not reasonably foreseeable, then it's intervening cause. So what he did there was to make sure that there was no but for a cause in the proximate cause for ABEX, but there was but for a cause. In other words, the jury would have to find that but for the unforeseeable negligence of Champion, this would not have happened. In the Dufali case, which they cite a lot, you had two findings of but for causation. That was the conflict in that case. But Judge Brattinger realized that he could have problems if he had two different questions, so he took care of it by very careful phrasing of the issues. And so there is no inconsistency in this verdict. So maybe we need to talk about this a little bit more, but how does the but for instruction in the intervening cause of the charge fix the problem? No, it doesn't fix the problem. It would be a problem if you had two but for causes. You can't have two but for causes. So he made sure that there was no but for causation language in the proximate cause as far as ABEX. Instead, the but for causation was only in the intervening negligence, and so there is no conflict. What the jury found was that ABEX could foresee that its negligence could cause the injury to the plaintiff. And the jury also found that the injury to the plaintiff would not have happened but for the unforeseeable negligence of the third party, which was Champion. Those two findings are utterly consistent. And Judge Ridinger knew. Except that the jury also found that your client's negligence was a proximate cause of the injury. That's what the verdict sheet says. But, Judge Diaz, it depends on how he defined proximate cause. He defined proximate cause as it would be a situation where ABEX could foresee that it would probably cause injury to the plaintiff, but then the jury found it. Is that different from the pattern jury instruction? No, actually it's not. But it's different from what you see in Delaware. It's different from what you see in a lot of definitions of proximate cause that have a but for formulation in it. There's no but for formulation in the pattern charge, and he didn't give one here because he reserved the but for formulation for the intervening negligence. So there is no inconsistency in this verdict. What the jury found was that ABEX could foresee that its negligence would probably cause injury, but... Question number two, that APEX proximately caused the injury. But you have to look at how he defined proximate cause. But the verdict form says they caused it, right? That they're the negligent party, and then they found in three that there was an intervening cause. But you have to look at his definition of proximate cause on page 488, which said it would probably cause... That's why I asked you. That's no different. You just told me that's a definition that didn't at all, was not at all different from the standard definition in North Carolina. That's correct. So your client was a proximate cause of the injury. And how can you have a proximate cause and an intervening cause at the same time? Because the jury could find that ABEX could foresee, and I'm quoting the language here, that ABEX could foresee that its conduct would probably cause, that's what it says, would probably cause the injury to the plaintiff. Right, and then the jury has to find definitively that that was a proximate cause of the injury. But the way proximate cause is defined is would probably cause. And then... Well, that's just talking about the proximate cause in the abstract. Then it's for the jury to apply the facts of the case to that instruction and the verdict and decide was this a proximate cause or not. Well, the problem is you can't mix the legal concepts and the fact findings. The fact finding is that ABEX could foresee that its conduct would probably cause, but at the same time the jury found that what really caused the accident, the but-for cause of the accident was the unforeseeable negligence of the third party. I'm just frankly, you know, I was concerned about this case because, you know, a jury has a hard enough time trying to understand jury instructions to begin with. And then to deviate in the way that the district court judge did in this case from the pattern, which is not gospel, having been a Superior Court judge in North Carolina, I know that it's not gospel, but there's a reason why there's a pattern jury instruction in this case that doesn't divide the issues into two separate issues. And this case, I think, presents the reason why. It's just completely confusing to a jury to have to sort through these complicated concepts and the way in which the district court judge suggested that they do so in this case. Well, you have to look at the difference between the legal effect of the findings and what the findings are. And the finding here, if you look at the definition of proximate cause, is that ABEX could foresee that its conduct would probably cause injury, not but-for the cause that injury happened, but for ABEX. The word probably is not in the verdict. No, but it's in the definition on 488, approximate cause, when he's talking about ABEX. So when they're doing the verdict form, they are instructed by the judge's definitions of proximate cause, and that's how he defined proximate cause. Right before that, it says proximate cause is a cause which in the natural and continuous sequence produces a person's injury. That's not a theoretical cause. It's not a hypothetical cause. It's a definitive cause, and the jury found that your client was a proximate cause of the injury. And having found that, how could they possibly then find that the employer was an intervening cause? The definition of proximate cause was it would probably cause, and then the definition for intervening cause is that it's broken. The causation is broken. Now let's talk about legal concepts for a moment. Isn't this, if you preface this on how he broke it into two issues, this verdict form actually makes perfect sense. You have to scratch your head as legal scholars going proximate cause. You want to know what that means, but it almost irrefutable what the jury found here. Looks like you did it, but under the instructions we have to find out if you did it, but then we also have to then decide if you did do it, did somebody else come in and cut off your responsibility. That's right. That's how the case was presented to the jury. They don't know any of this stuff, and that looks to me like once you decide it's split out in two issues, then it causes that little bit of problem, but that may not be irreconcilable, because otherwise if you'd have done it properly perhaps, you would have said for them to be the proximate cause, you first have to decide if they did it, looks like they did it, but then if somebody intervened, then there's no proximate cause. He just separated it out into two issues, which may have been error, but this seemed to me entirely consistent with the way the case, the verdict I mean, I'm looking at the verdict, is consistent with the way it was presented to the jury. That was the factual sequence. The factual sequence that Abex was accused of not having adequate warning. Then the jury could make a decision. That's the way it would always be. Isn't that correct? On the question of intervening cause, the approach, the abstract approach is always did you do something that looks like it caused it, and did somebody come in then and cut off that responsibility, because if you didn't do it in the first instance, you never get to intervening. So whether it's one step, part 1A and 1B, or step one and step two, isn't that really the same thing? It is, and what the jury decided here was that Abex apparently had inadequate warning, and that would probably cause an injury to the plaintiff. But they then found that this accident would never have happened. They said it caused the injury. It probably caused the injury. You have to look at the definitions he gave for proximate cause. You have to read the verdict. But the verdict depends upon the instructions. You say to me, read the verdict. And you keep talking about the intervening cause. The verdict form calls it superseding or intervening. That's correct. Are they two different things? No. They're in there. It says superseding or intervening. One or the other is enough. It doesn't say they're equivalent. It says superseding or intervening. Well, the pattern jury charge in North Carolina has the title of insulating negligence. Nobody was paying attention to that. Actually, he gave everything in the pattern jury charge except the burden of proof. The defendant took the burden of proof. That's the only difference. You can look at the language in the North Carolina pattern jury charge, and it gives exactly the same language on proximate cause and intervening cause, and there's nothing inconsistent. Sequentially, they found that Abex didn't have an adequate warning, and that would probably cause, and that's the definition of proximate cause. And then they found that the accident would not have happened but for Champion falsifying its records and not protecting its employees. And that is what they found, the intervening superseding cause that cut off, and the judge used subjunctive tense that it would become. If they find intervening cause, then the conduct of the defendant no longer continues to be a cause, and the conduct of the intervening person, the third party, then becomes the sole proximate cause. And that's totally consistent. Is there anything under North Carolina law that says once, in a normal case, once proximate cause is found, you go on to consider something else? Not intervening cause. Is there anything else? Well, these instructions are decided. No, no, no. I'm just asking that question. No, no. Then if you look at the way he asked this, that's what he did. He didn't see their response, I don't think, on proximate result, to be the end of the case. It has to be the end. The way he, because this all goes back to the parties looking at it as two different issues, and he is just reconciling the way the case is presented and has been argued to how the jury is going to look at it, because they're going to look at it the way you presented it to them. And he goes, did you find proximate result? We always talk about proximate result. But he doesn't go, if you find yes, the case is over. He says if you find yes, you've got to go to the next question, where he then interjects the question of intervening or superseding cause. That's the difference between this case and the Dufali case, because the Dufali case said you cannot find the defendant negligent if you found intervening cause. That's a different type of instruction to the jury, and that's not the jury instruction that he followed, and frankly that's not the jury instruction that you see in North Carolina, because North Carolina doesn't have in the definition of proximate cause the but-for causation, and then it grafts onto that the intervening cause, which becomes the but-for cause of the event. Under the pattern jury instruction, the jury would have simply had to answer two questions. One, was the plaintiff injured as a proximate result of any negligence on the part of your client? And encompassed within that, if the pattern had been given, would have been consideration as to superseding or intervening cause, but no separate instruction. And that's the problem here is that that separate instruction suggests and the answer would have been if there had been a superseding cause instead of your client being the proximate cause, they would have answered no to that issue, and that would have been the end of the case. That's correct. The outcome is going to be the same. But that's not what happened here, I guess, is the problem that I have is that's not what happened here. The jury found two, what I continue to believe, are two facially inconsistent things. Okay. It doesn't make... And that's... You've got to get into plain error and invited error. And that's what it looked to me like in Judge Reidinger's opinion, post-trial opinion, and in the plaintiff's motion for a new trial, everybody recognized there was error. You've been spending almost all your 20 minutes saying there isn't any error, but the post-trial proceedings assumed, it looked to me like, that there had been an error committed, and the big issue is whether it was remedied. There should be a remedy for it under the circumstances of how it came about. That's correct. And I'm not saying that there was an error. What I'm saying is that... No, you're not. I thought that's what you'd been arguing all along, there was no error. No. But this is exactly the way it should be done. No. What I'm saying is the verdict is not inconsistent. That's different from whether there was an error. What they're arguing is that there's no way you can reconcile this verdict. And I'm saying, yes, you can reconcile this verdict, given the instructions that Judge Reidinger carefully gave when he realized he was getting two separate questions. But there is still invited error. No one made any objection to any of this. The plaintiffs certainly were glad to have the defendant take the burden of proof. Ironically, the same day, virtually the same time this case was being tried, plaintiffs were arguing in the North Carolina Court of Appeals in Clark v. McHale, which is a case cited in the briefing, that North Carolina was wrong because it's making the plaintiff disprove intervening cause. So there's nothing wrong with the defendant saying, okay, I'm going to shoulder the burden of proof on intervening cause because I think I've got the evidence to do it. And there's no difference if you put the burden of proof on the plaintiff on intervening cause or on the defendant. Certainly, it is harder on the defendant when you put the burden on them. I'm going to go back to prosummate cause and whether or not the verdict is irreconcilable. Certainly. It strikes me fairly obvious, not in the abstract, but in the way this case was argued, there were two questions presented. Defendant one, did you injure them or look like you're going to injure them? And if it looks that way, did somebody else do something to relieve you of that responsibility? That's what this verdict form reflects because maybe I'm looking at it too simplistically. But if it were otherwise, the sentence that says, but if you answered yes, you would continue. Doesn't that let the jury know that by saying somebody is the, however that term is used in this verdict form in this case, when it says proximate result, it doesn't have a legal meaning outside of this case for this jury because the question is, if you find that with the proximate word in it, you aren't done. You're not done in this case. You've got to go to the next question. And it's sort of maybe misunderstanding piled on misunderstanding. But it seems to me the jury, in light of this verdict form, they got to the issues that had to be answered instead of answering them all in one question and thereby saying no proximate legal causation in the form of the way this case was presented. What else is that question? Maybe I'm just wrong on this. What else is that is? But if you answered yes, it is the proximate result. You have to go on to the next question. What else? Because isn't the argument now? Nope, if you say proximate result, case over. That's not how this was argued or presented. And effectively, these two things, as unlawful as they may be, and I don't know who's to blame for that, but doesn't that lead to the result under North Carolina law? That's correct, and the jury certainly understood that by their verdict, they were not awarding any money against paybacks for the injury to Mr. Phillips. Is this the verdict form you submitted? I'm looking at page 522 of the JA. I believe that the judge gave the verdict form. Pardon? The judge gave the verdict form. He crafted his own. He did. He crafted his own verdict form. So he wrote it up. That's correct. You saw it when he wrote it. Okay. Not going to make any difference. Unless there are other questions. What he gave is for sure. That's correct. What the jury sent back. That's correct. Thank you very much. Thank you. Ms. Wallace. Senator, thank you. If I can clarify, I think I can maybe do a better job than I did before. Our first error that we allege is an irreconcilable verdict, and the standard of review for an irreconcilable verdict is abuse of discretion. It's not plain error. So if we can convince this court that it is an irreconcilable verdict, which it clearly is. How do you get past the proposition that you didn't object to it? Your Honor, the issue of objecting to it doesn't fall under this issue, Your Honor. We didn't object to the specific making it the separate two issues, Your Honor, and that's plain error. And it's clear plain error in our case, Your Honor, because it should have never been two issues. In North Carolina, we have a case right on point, Furby v. Pinoco, a 1981 case, that says it shouldn't be two issues. And, Your Honor, the DeFilly case is the only case in the country the Delaware 1995 case says it can't be two issues. In DeFilly, the same virtual issues that we had, the same virtual instructions we had, and the DeFilly Delaware Supreme Court said you can't have it as two issues. It has to be one issue. In this case, why doesn't it net the same result the way that it was presented to the jury and the way that it was written out on the unobjected to verdict form? Why doesn't it get to the same? It's completely a different result. In DeFilly, do you know what happened when the Supreme Court, the court, they remanded it back and made it one issue? When they made it one issue in DeFilly instead of two issues, the court ruled for the plaintiff and said that it wasn't an intervening cause. The definition of intervening cause has to be considered in North Carolina as part of the proximate cause. I know that, but isn't that what effected? What does that question mean, but if you answer yes, go to the next point? What does that mean to you? It should have never happened. I know that, but what does it mean? It means even, and that's what was wrong, even after you have found the jury that it was the proximate cause, it occurred in a continuous sequence of events. Your conduct in a continuous sequence of events caused this injury. Proximate cause was foreseeable. Wait a second. Why wouldn't you see that and then stand up and go, Your Honor, that is absolutely wrong. The arguments you're making now, when you say, Your Honor, that is absolutely 100% wrong. We may have argued it differently to you, but that is not right. Your Honor, we should have done that, there is no doubt. But, Your Honor, it became. So you should have objected. But the standard. Is that what you're saying? You should have objected. We should have objected back when they had two separate issues. And if you don't object, it's subject to plain error review. Your Honor, not only. If that applies in a civil case. Plain error review, Your Honor, is a doofilly, and in doofilly they didn't object. Your Honor, in doofilly the plaintiff didn't object and the court said plain error, and now we have plain error. But we don't have to. And that's got the alone. Without the objection. But, Your Honor, we believe respectfully, Your Honor, this court should absolutely reverse this under it's an irreconcilable verdict. And the employer instructions. Is your argument based on the use of the word proximate in the first inquiry, issue number two? Yes, sir, Your Honor, that's very important.  I just don't understand your argument. Then there is an irreconcilable problem with issue two, within issue two, because it has a yes, continue on. Correct? Yes, sir. So what do you do with that? But if you answered yes, just by saying that, does that make this improper verdict? It makes it an irreconcilable verdict because the definition was. What if they go on in the next issue, which is issue three, to answer the question that should have been subsumed before the if you answered yes. Isn't that what happened here? Your Honor. They sort of looked at it and decided half of it, and because they decided half of it sort of tentatively in your favor, they go to the second point. That's what they would normally do if it was one question, wouldn't they? Your Honor, if it were one question, the jury would be required to make the difficult choice. Was it a proximate cause? Was it not? Was it Abex's conduct that really proximately caused it, or did it not? Was it some intervening cause? The pattern instructions say it should be one question. It doesn't just say it. Yes, sir. It says big, bold letters. Note well it shall only be one question. And it cites 100 years of North Carolina law. It's never been this way before. This is that serious mistake. What difference does it make in the way it appears that the jury considered it, that it's two questions over one question? Other than the use of the word proximate. But as applied here, didn't they do the two steps? Your Honor, it was wrong because the judge said if you find it's the proximate cause, defendant's conduct was the proximate cause, then it had to be foreseeable and continuous. And then the judge over here on this other issue said if you find, even if you found it was the proximate cause, now you can find it wasn't the proximate cause because it was unforeseeable and broken. And the jury found both. There's no way you can reconcile that. And that's why in North Carolina there's never been a case, they can't cite any case that says intervening cause isn't a permanent defense in North Carolina in every case, Your Honor. And there's over 40 of them we've cited say. It can be if the defendant's conduct is the proximate cause, the third party's conduct can't be an intervening cause. If you have an intervening cause, then the defendant's conduct couldn't have been the proximate cause. But isn't that just a use of the word? You hang in your argument in this case on the use of the term proximate. Well, Your Honor, if they had said was it negligent, was this person negligent, issue one, yes, they were. Was this person negligent, issue two, you would have had concurrent negligence. But what they did here was they made separate issues on one issue. Was it the proximate cause, was the intervening such that no longer it was the proximate cause? It either was or it wasn't, which is why North Carolina law and the pattern jury instructions and the appellate courts in the first case say you can't do that. It has to be one issue because the jury has to weigh it. Who did what at one time? Otherwise, it's prejudicial. And in Dufili, when they sent it back, you know, it was two issues, same identical jury instructions. They came back and they said, no, it wasn't the intervening cause, which shows how prejudicial it was to us. It was clearly, and then you have to remember, it is, Your Honor, it is de novo our objection on these employer instructions. So at the last minute, as part of the jury instructions, the eve of trial after all the evidence is closed, they bring up this new employer instruction. Do you know what that red light means? No, sir. I do, yes, sir. And thank you so much for your patience today. I'm sorry I ran over. Thank you, sir. I'm very grateful. We'll come down and greet counsel and then take a short break.
judges: Robert B. King, Dennis W. Shedd, Albert Diaz